| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK** | **CIVIL CONFERENCE**<br>**MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | 3/5/12<br>11:00 AM |

*Ebbert, et al. v. Nassau County, et al.*, **CV 05-5445 (AKT)**

TYPE OF CONFERENCE:    **STATUS CONFERENCE**

APPEARANCES:    Plaintiffs:    Janice Goodman
                              Herbert Eisenberg

                Defendants:   Barbara Van Riper

SCHEDULING:

The next conference will be held by telephone on March 15, 2012 at 2 p.m. Plaintiffs' counsel is requested to initiate the call to Chambers.

THE FOLLOWING RULINGS WERE MADE:

Today's conference was scheduled based upon the correspondence [DE 166] the Court received from Plaintiffs' counsel setting forth the Defendants' failure to comply with the terms of the Amended Stipulation of Settlement and Release [DE 159] ("the Agreement") and the Final Order and Judgment entered on December 22, 2011 [DE 163]. Having heard from counsel for both sides, the Court is ordering that the following actions be completed as directed below:

1.  Pursuant to Section 3.1(B)(a) of the Agreement, the Defendant Nassau County shall, no later than **March 12, 2012**, provide to each class member the actual calculation of gross back pay completed by the expert consultant APT Metrics, Inc. for the respective member. This will allow the individual class member the opportunity to challenge the calculation in a timely manner to the Settlement Administrator if she chooses to do so.

    In the next day or two, Plaintiffs' counsel will update the proposed explanatory cover letter to the class members which was previously provided to counsel for the Defendants. This letter will accompany the calculation data and explain the process of challenging the calculation to the class member.

    **The Court hereby extends, until April 16, 2012, the time within which a class member may challenge the calculation of her back pay to the Settlement Administrator**.

2.  In accord with Section 3.1(B)(b) of the Agreement, the Defendant Nassau County shall provide the named plaintiffs with their respective Service Awards in the amount of $20,000 by **March 14, 2012**. Pursuant to Section 3.5(b), these awards are non-wage income for which Nassau County shall issue Form 1099 statements to each named plaintiff. In addition, pursuant to Section 3.1(B), the Defendants shall pay interest to each named plaintiff at a rate of 6% compounded monthly running from January 22, 2012 (*i.e.*, 30 days after the entry of the Final Order and Judgment on December 22, 2011) until the funds are dispersed.

3. The designated attorneys' fees and costs to class counsel as set forth in Section 3.2 of the Agreement shall be paid by Defendants to class counsel by **March 14, 2012**.  The Defendants shall further pay interest on these amounts separately to Eisenberg and Schnell, LLP and the Law Offices of Janice Goodman at the rate of 6% compounded monthly running from January 22, 2012 until the funds are dispersed.  The payments to class counsel are to be made via overnight mail.

4. **By March 14, 2012**, the Defendant Nassau County shall issue payment to APT Metrics, Inc. for outstanding invoices in the total amount of $15,018.75.  The payment to APT Metrics is to be made by overnight mail.

5. Defendant Nassau County shall provide the Settlement Administrator, by **March 12, 2012**, with the damages calculation spread sheet so that she may review any challenges to those calculations in accordance with section 3.3. of the Agreement.

6. In accord with Section 3.7(a) of the Agreement, Defendant Nassau County shall provide to class counsel, by **March 12, 2012**, a statement of the gross and net amount of distribution made to all class members.  In contravention of the terms of the Agreement, the Defendants distributed payments by direct deposit instead of by check to the class members.  To the extent that Defendants have confirmation forms reflecting the direct deposits, such documentation is also to be provided to class counsel.  With the consent of counsel for both sides, because back pay payments were made by direct deposit, no class member will be required to return her award if she wishes to challenge the calculation.

7. Class counsel will immediately establish a separate escrow account specifically for the balance of the $ 7 million Settlement Amount not tendered to class members.  By March 30, 2012, all remaining Settlement funds are to be paid over in full to the designated escrow account of plaintiffs' counsel, pursuant to Sections 3.1(B)(c), (d), (e) and Section 2.3 of the Agreement.  These funds shall be distributed by class counsel in accordance with the terms of the Agreement.  Counsel for both sides shall exercise their best efforts to create the necessary mechanism to deal with the disbursement of any funds resulting from the Settlement Administrator's upholding a calculation challenge from a class member, the issuance of a supplemental payment from the Defendants and the affected class member's attendant payroll taxes.

Any failure to comply with the above directives will result in the further prompt action of this Court, as discussed at today's conference.  Counsel will report back to the Court at the March 15 conference.  The Court continues to retain jurisdiction of this action for purposes of enforcement of the Settlement as set forth in the Agreement.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge